IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA | **I N D I C T M E N T** |
| v. | Case No. _____ |
| JOSHUA ATTABOATING FOFIE, a/k/a PRINCE, a/k/a RED RILLA; and CHARLES FOFIE, JR. | Violations:  21 U.S.C. § 846 |

**Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances**

The Grand Jury Charges:

Beginning in or about March 2022 and continuing until the date of this indictment, in the District of North Dakota, and elsewhere,

JOSHUA ATTABOATING FOFIE, a/k/a PRINCE, a/k/a RED RILLA; and CHARLES FOFIE, JR.,

knowingly and intentionally combined, conspired, confederated, and agreed together and with others, both known and unknown to the grand jury, to distribute and possess with intent to distribute controlled substances, specifically, a mixture and substance containing a detectable amount of fentanyl (a/k/a "N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide"), a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

Drug Quantity

With respect to JOSHUA ATTABOATING FOFIE, a/k/a PRINCE, a/k/a RED RILLA, the amount of fentanyl involved in the conspiracy attributable to this individual as a result of that individual's own conduct, and the conduct of other conspirators

reasonably foreseeable to that individual, is 40 grams or more of a mixture and substance containing a detectable amount of fentanyl (a/k/a "N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide"), in violation of Title 21, United States Code, Section 841(b)(1)(B)(vi).

## Overt Acts

In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the conspirators committed the following overt acts:

1. It was a part of said conspiracy that the conspirators mailed, shipped, transported, and received packages containing controlled substances from Michigan to North Dakota for purposes of distribution through the United States Postal Service;

2. It was further a part of said conspiracy that conspirators would and did distribute, and possess with intent to distribute, controlled substances, including powdered fentanyl (a/k/a "N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide"), in and around Minot, North Dakota, and elsewhere;

3. It was further a part of said conspiracy that the conspirators would and did attempt to conceal their activities by, among other things, using aliases, false names, and drop houses;

4. It was further a part of said conspiracy that the conspirators would and did use United States currency in their drug transactions;

5. It was further a part of said conspiracy that the conspirators would and did use telecommunication facilities, including cellular telephones, to facilitate the

distribution of controlled substances, track shipments of controlled substances, and collect drug proceeds;

6. It was further a part of said conspiracy that the conspirators used residences in Minot, North Dakota, to store, conceal, and distribute controlled substances, and to receive, collect, store, and conceal proceeds of drug trafficking activity; and

7. It was further a part of said conspiracy that the conspirators used local North Dakota residents as sub-distributors and associates to locate customers and consumers of controlled substances;

In violation of Title 21, United States Code, Section 846; and <u>Pinkerton v. United States</u>, 328 U.S. 640 (1946).

A TRUE BILL:

/s/ Foreperson
Foreperson

/s/ Mac Schneider
MAC SCHNEIDER
United States Attorney

PEJ/js